

**FILED**
**MAY 14, 2010**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MANUEL GARCIA, PRO SE, <br> TDCJ-CID No. 1235912, <br> Previous TDCJ-CID No. 521862, <br><br> Plaintiff, <br><br> v. <br><br> NFN PATEL, Doctor; <br> FLOYD F. BAXTER, JR., <br>    Unit Health Administrator; <br> NFN ARNOLD, <br>    Warden Rufe Jordan Unit, <br><br> Defendants. | 2:10-CV-0100 |

## REPORT AND RECOMMENDATION

Plaintiff MANUEL GARCIA, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff claims he suffered deliberate indifference to his serious medical needs in that defendant PATEL did not give plaintiff Plavix after his three heart stents in July of 2005, but with the approval of the Unit Health Administrator, defendant BAXTER, substituted aspirin to act as a blood thinner. Plaintiff alleges this denial of proper medication, the Plavix recommended by plaintiff's heart surgeon, caused plaintiff to have to undergo a stent replacement in April of 2008, after which plaintiff was placed on Plavix. Plaintiff says his condition is now "more life threatening."

Plaintiff requests a transfer to "an adequate medical facility" and an award of $150,000.00 from each defendant.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Initially, the Court notes that the vast majority of the events recounted by plaintiff occurred outside the statute of limitations for a civil rights claim. Nevertheless, he alleges he discovered the harm he sustained, and, it can be argued, the existence of his claim, on or after an

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

unspecified date in April of 2008[3] and appears to have mailed his complaint on April 30, 2010. Therefore, the Court will not seek further information and argument to analyze the timeliness of plaintiff's complaint.

**Deliberate Indifference**

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Further, merely alleging that a prison doctor should have undertaken additional

---

[3] The statute of limitations in Texas for section 1983 claims is two years, and accrual begins when the plaintiff has knowledge of the injury forming the basis for the action. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993).

diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff's allegations and the facts contained in plaintiff's grievances attached to his complaint show plaintiff has received responsive care by medical professionals. While plaintiff is dissatisfied with defendant Dr. PATEL's substitution of aspirin for the recommended Plavix in 2008, this disagreement over the method of treatment does not elevate his claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Even if plaintiff's allegations were sufficient to state a claim of medical negligence, "negligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Plaintiff has failed to state a claim against defendant Dr. PATEL on which relief can be granted.

Plaintiff does not allege any specific act or omission by defendant BAXTER, the unit health administrator, on which he bases his claim for relief. He simply accuses BAXTER of deliberate indifference and includes him with Dr. PATEL, saying they denied him his Plavix. To the extent defendant BAXTER actually was personally involved in plaintiff's medical treatment, then, as analyzed above with respect to defendant PATEL, plaintiff has failed to state a claim of deliberate indifference to his serious medical need. On the other hand, review of the grievances plaintiff attached to his complaint reveals defendant BAXTER investigated and denied both

Step 1 grievances[4]. To the extent plaintiff's claim is based on a contention that BAXTER failed to properly investigate and satisfactorily resolve plaintiff's grievances, the narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, .g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Therefore, this claim against defendant BAXTER lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, as to defendant ARNOLD, while plaintiff asserts a claim of deliberate indifference against ARNOLD, plaintiff has not alleged any specific act or omission against this defendant and his attachments do not show even a peripheral involvement by this defendant. To the extent plaintiff's claim against ARNOLD is based on ARNOLD's supervisory position of Assistant Warden, a supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact demonstrating personal

---

[4]There is no indication plaintiff's Step 2 grievance, also attached to his complaint, was ever processed.

involvement by ARNOLD and has alleged no fact showing any causal connection between his acts or omissions and the alleged constitutional violation. To the extent plaintiff feels ARNOLD's supervisory position gives him any authority over the health care providers, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). Consequently, plaintiff has failed to state a claim against defendant ARNOLD on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff MANUEL GARCIA be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of May 2010.

_/s/ Clinton E. Averitte_
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).